IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mary Edwards Bagwell, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:04-22467-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| U.S. Food Service, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on U.S. Food Service's[1] ( "U.S.F.") motion to dismiss Mary Edwards Bagwell's ("Bagwell") complaint for failure to prosecute her action and comply with the courts' July 29, 2005, order ("July Order"), requiring Bagwell to respond immediately to pending discovery requests. On August 10, 2005, U.S.F. filed the instant motion, as Bagwell had neither responded to the July Order nor made a request to U.S.F. for additional time to comply with the July Order.

In response to U.S.F.'s motion to dismiss, Bagwell's counsel, Albert V. Smith ("Smith"), asserted that various staff problems had led to his failure to respond timely to U.S.F.'s discovery requests. Moreover, he suggested that U.S.F.'s attorney, Michael E. Kozlarek ("Kozlarek"), was somehow responsible because of his tone in his communications with Smith and his failure to notify Smith by telephone of discovery conflicts. In addition to the response filed on August 18, 2005, Smith filed two affidavits, his own and another by Amanda Alley, a paralegal who stated her various efforts in

---

[1] It has been brought to the court's attention that the plaintiff misnamed the defendant "U.S. Food Service," and the defendant's proper name is "U.S. Foodservice, Inc."

1

gathering discovery materials in compliance with the July Order.

On August 29, 2005, U.S.F. filed its reply, arguing that neither Kozlarek's alleged tone nor Smith's staff problems excuse Bagwell's behavior during discovery. U.S.F. argues that Bagwell's response confirms that she has done little to nothing in terms of discovery over the last seven months, and is only now beginning to respond to U.S.F.'s discovery requests. Moreover, U.S.F. argues that Bagwell has offered no authority to oppose the court's grant of U.S.F.'s motion to dismiss.

As U.S.F. noted in its memorandum supporting the instant motion, "Since a dismissal is a harsh sanction, 'it is appropriately exercised only with restraint.'" (Def.'s Mem. Supp. Mot. Dismiss 4); Dove v. Codesco, 569 F.2d 807, 810 (4th Cir. 1978). Moreover, "Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Irrespective of Smith's contention that his staff is responsible for his delay in responding to discovery requests, Smith is ultimately responsible for providing U.S.F. discovery in this case. Smith's failure to communicate with Kozlarek and the court concerning the inability to provide timely responses to discovery requests is inexcusable. However, Bagwell has begun to comply with the July Order and has responded, at least in part, to U.S.F.'s discovery requests. Accordingly, although some sanction is warranted, the court concludes dismissal is inappropriate. The court will allow U.S.F. to recover attorney's fees expended in bringing its motion to compel. Bagwell will have ten (10) days

after being served with U.S.F.'s motion for attorney's fees to object to the amount.

Finally, U.S.F. submitted a proposed amended scheduling order as an exhibit to its reply to Bagwell's response to the instant motion. While the court declines to adopt U.S.F.'s proposed scheduling order, the parties are directed to the second amended scheduling order, which the court will enter immediately.

It is therefore

**ORDERED** that U.S.F.'s motion to dismiss Bagwell's complaint, Document number 18, is denied. It is further

**ORDERED** that U.S.F. is entitled to attorney's fees from Bagwell incurred as a result of bringing its motion to compel. Bagwell will have ten (10) days from the date on which U.S.F. serves Bagwell with its motion for attorney's fees to object to the fee amount.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 21, 2005